IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:09cr156-MHT |
| DEON GADDIS | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Deon Gaddis's motion to continue made on December 18, 2009. For the reasons set forth below, the court finds that jury selection and trial, now set for January 19, 2010, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Gaddis in receiving a speedy

2

trial. The government filed a superceding indictment against Gaddis on December 16, 2009, charging him with committing a crime in addition to those charged in the original indictment. Counsel for Gaddis represents that he requires additional time to investigate the new allegation to prepare properly for Gaddis's trial. Gaddis therefore asks this court that his trial be continued. The government does not oppose this motion.

Accordingly, it is ORDERED as follows:

(1) Defendant Deon Gaddis's motion for a continuance (doc. no. 30) is granted.

(2) The jury selection and trial for defendant Gaddis are continued to April 12, 2010, at 10:00 a.m. at the G.W. Andrews Federal Building & U.S. Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 21st day of December, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE